ATTORNEY'S NAME: Craft, Jill L 20922
AND ADDRESS: 509 St. Louis St., Baton Rouge, LA 70802

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2021-02327      DIVISION: G      SECTION: 11

**FUGARINO, JENNA**

Versus

**MILLING, BENSON, WOODWARD, LLP**

### CITATION

TO: MILLING, BENSON, AND WOODWARD, LLP
THROUGH: ITS PARTNER, RICHARD ERNEST SANTORA
909 POYDRAS STREET, SUITE 2300, NEW ORLEANS, LA 70112

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
PETITION
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 17, 2021

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by Tayler Williams, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ___ day of _____ served a copy of the within **PETITION** ON MILLING, BENSON, AND WOODWARD, LLP THROUGH: ITS PARTNER, RICHARD ERNEST SANTORA Returned the same day _____ No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ PAPER  RETURN _____ / _____ SERIAL NO.   DEPUTY   PARISH | On this ___ day of _____ served a copy of the within **PETITION** ON MILLING, BENSON, AND WOODWARD, LLP THROUGH: ITS PARTNER, RICHARD ERNEST SANTORA by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said MILLING, BENSON, AND WOODWARD, LLP being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

ID: 10657646          Page 1 of 1


EXHIBIT A

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NUMBER: 2021-02327   DIVISION: " 6 "

JENNA FUGARINO

VERSUS

MILLING, BENSON, WOODWARD, LLP

*********************************************************

PETITION

The Petition of Jenna Fugarino, a resident of the full age of majority of St. Tammany Parish, Louisiana, respectfully represents:

1.

Made defendant herein is Milling, Benson, Woodward, LLP, a limited liability partnership authorized and actually doing business in Orleans Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning and intent of Federal and Louisiana law and employed greater than fifteen (15) employees, including Petitioner. At all times pertinent hereto, Petitioner was an "employee" of defendant within the meaning and intent of Louisiana and Federal law.

3.

At all pertinent times hereto, Normand Pizza, Shannon Howard-Eldridge, and Chadwick Collings were agents and employees of defendant with immediate and successively higher authority over Petitioner's employment with defendant.

4.

In 2018, Petitioner interviewed for an attorney position with defendant. During the interview, defendant, through Pizza, asked whether Petitioner planned on having children and then told her that if she were hired, it would be beneficial for her not to have children in the "near future". On January 16, 2019, Petitioner began her employment with defendant as an associate attorney.

5.

Shortly thereafter, Petitioner discovered that she was pregnant and in March, 2019, advised defendant that she was pregnant. Beginning in April 2019, Petitioner made oral and written request(s) for accommodation from defendant on account of her pregnancy which were denied. Defendant further failed to engage in the interactive process with Petitioner as obligated under Louisiana law.

6.

Beginning immediately after Petitioner disclosed she was pregnant and continuing thereafter until her termination, Petitioner was subject to unwelcome, unabated sex/pregnancy-based discrimination and harassment by defendant, consisting of, but not limited to, the following instances:

a. Repeated derogatory and threatening comments by Pizza, Managing Partner, about Petitioner's breasts, including their size, how large they were, how they would get larger during her pregnancy, and that she should breastfeed her baby;

b. Pizza repeatedly discussing Petitioner's body in a sexually charged manner, including commenting in 2019 that he knew Petitioner had Italian heritage because of the way her "body is shaped and curved" and in September 2019, sexual comments about Petitioner's clothing, including Petitioner's looks and whether she had purchased maternity clothing to suit her growing body. These comments were witnessed and/or made in the presence of Howard-Eldridge, Partner, and Michaela Boudreaux. On one occasion, Howard-Eldridge acknowledged Pizza's harassing comments to Petitioner and stated that she knew he could not "say that";

c. Numerous comments about Petitioner's pregnancy, including that that her body would go through "changes" and that she should expect to lose thirty (30) to fifty (50) pounds after birth because of breastfeeding; the posting of posters in Petitioner's office regarding her pregnancy, comments about what could/would happen to Petitioner's vagina.

d. Pizza openly discussing Petitioner's pregnancy in and around the office; and

e. Such other incidents as will be more fully shown at trial.

7.

Petitioner reported, opposed, and/or complained about the sex/pregnancy-based comments to defendant, through Howard-Eldridge and Boudreaux, to no avail. Defendant, through Andrew Wilson, Partner, acknowledged to Petitioner that Pizza had a history of sexually harassing other employees of defendant stating that Pizza had "gotten away with it [sexual harassment] for years."

8.

In April 2019, Petitioner requested from defendant the reasonable accommodation of maternity leave due to her pregnancy, specifically, four (4) to six (6) weeks of leave returning part-time for two (2) weeks, and then return as a full-time employee after that. Pursuant to La. R.S. 23:342, Petitioner was entitled to reasonable leave not to exceed four (4) months. Defendant, through Pizza, denied Petitioner's request and stated that defendant had no maternity leave policy. Pizza further stated that Petitioner would only be allowed two (2) weeks of paid leave "when [she] deliver[s] the baby" and would not be paid thereafter. Pizza threatened Petitioner that "work would be waiting" for her upon her return.

9.

Thereafter, Petitioner again requested the reasonable accommodation of reasonable time off due to her pregnancy, including returning to work eight (8) weeks after birth, on a part-time basis for two (2) weeks, and then returning to full-time status – all not exceeding four (4) months. Defendant again denied Petitioner's accommodation request.

10.

On October 3, 2019, Petitioner left on maternity leave, and her child was born on October 8, 2019.

11.

During Petitioner's maternity recovery on November 6, 2019, she received an email from defendant, through Pizza, discussing defendant's expectations of her when she returned. Pizza stated that defendant would not allow Petitioner to return on a part-time basis, that she needed to be prepared to work a full schedule of "165 billable hours per month", and that she needed to return on February 3, 2020, full-time. Petitioner complied and returned to work full-time by February 3, 2020.

12.

On February 7, 2020, Petitioner requested reasonable accommodation(s) of a flexible and/or adjusted work schedule because of her pregnancy. On February 11, 2020, Petitioner

advised defendant, through C. Randall Loewen, Partner, that her accommodation request(s) were pending before defendant. Loewen threatened Petitioner that instead, she should find another job not as demanding as practicing law. Loewen further threatened Petitioner that Howard-Eldridge and Collings would "take issue" with her accommodation request(s) and "oppose it" at defendant's Management Committee meeting. Defendant refused to accommodate Petitioner.

13.

On account of Petitioner's sex/pregnancy, requests for pregnancy accommodations, and protected activities, defendant began retaliating against Petitioner, including retaliatory harassment, stripping of job duties and workload, threats, and termination.

14.

On February 17, 2020, Petitioner met with defendant, through Pizza and Collings, when she was informed that defendant's Management Committee "unanimously" decided not to accommodate her and that she was fired "at the end" of the month. During this meeting, Pizza stated to Petitioner that defendant's firm "was not conducive to a mother-baby relationship". While Pizza informed Petitioner that her termination was not performance based, Collings falsely stated that Petitioner did not take her job seriously and work long enough hours because of Petitioner having a baby. However, Petitioner contends that these reason(s) were pretext for defendant's unlawful termination and represent pregnancy and sex-based bias.

15.

Prior to Petitioner's termination, she was not counseled, reprimanded, written-up, or disciplined. In fact, defendant did not cite Petitioner for any alleged poor work performance or work hours at any time prior to her disclosure of her pregnancy, requests for accommodation, and/or protected activities.

16.

On February 17, 2020, Pizza sent an email to Petitioner and numerous of defendant's partners entitled "Jenna Fugarino cessation of employment at Milling Benson Woodward, Feb. 28, 2020". Pizza stated that Petitioner was fired, effective February 28, 2020, because defendant allegedly needed an attorney on a "full-time" basis, which Petitioner was performing.

17.

On February 18, 2020, Petitioner met with Andrew Capitelli, Equity Partner, who informed Petitioner that Pizza's email regarding her termination was "inaccurate", admitted that she did not

request a "part-time" schedule, and believed Petitioner's request for accommodation was reasonable. This meeting was recorded. Capitelli informed Petitioner that he and another Partner confirmed during a Management Committee meeting that Petitioner did not request a "part-time" schedule. Capitelli further stated to Petitioner that the Management Committee's vote to deny accommodations to Petitioner and terminate her was not "unanimous" and that those votes which opposed firing Petitioner were not counted.

18.

Defendant continued to retaliate and harass Petitioner during the remainder of her employment, by further reducing her workload, stripping her job duties, and attempting to have her sign a general release of all potential claims against the firm, which Petitioner refused. Petitioner's last day of work was February 21, 2020.

19.

Defendant failed to have in full force and effect an effective policy regarding sex and pregnancy-based discrimination/harassment and reprisal/retaliation in the workplace. Defendant failed and/or refused to take any action to remedy the situation in Petitioner's work environment, failed and/or refused to take any action to prevent the sex and pregnancy-based discrimination, harassment, and/or retaliation/reprisal from occurring, failed and/or refused to reasonably accommodate Petitioner, and deliberately failed to address Petitioner's complaints.

20.

Petitioner timely filed a Charges of Discrimination with the EEOC and LCHR on May 8, 2020, and received the attached Notice of Right to Sue. All conditions precedent to suit under Federal law have been met and/or complied with.

21.

All conditions precedent to suit under Louisiana law have been met and/or complied with. Pursuant to La. R.S. 23:303(C), Petitioner made a good faith effort to resolve this dispute with defendant prior to this lawsuit, including initiating EEOC Conciliation and the sending of notice.

22.

The actions and deliberate inactions of defendant constituted illegal discrimination and harassment in violation of Title VII and Louisiana's Employment Discrimination Law, La. R.S. 23:301, *et seq.*, including adverse action, retaliatory harassment, and termination.

23.

As a result of the situation sued upon herein, Petitioner has sustained damages which include, but are not limited to, humiliation and embarrassment, severe and extreme emotional distress, mental anguish, past and future lost wages and benefits, past and future medical expenses, loss of earning capacity, physical injuries, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues for herein.

24.

Petitioner is entitled to and desires an award of attorney fees pursuant to Federal and Louisiana law, together with an award of all litigation expenses, all costs of these proceedings, and legal interest thereon from the date of judicial demand until paid. Petitioner shows defendant's actions were in wanton and reckless disregard for her rights against discrimination, harassment, and retaliation. Petitioner is entitled to and desires an award of punitive damages pursuant to Federal law.

25.

Petitioner is entitled to and desires an award of all such relief to which she is entitled at law or in equity.

26.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Jenna Fugarino, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant, Milling, Benson, Woodward, LLP, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which she is entitled at law or in equity.

RESPECTFULLY SUBMITTED,

By: _____
Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Kaitlin A. Wall, Bar Roll # 39462
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

PLEASE SERVE:

Milling, Benson, and Woodward, LLP
**Through Its Partner**
Richard Ernest Santora
909 Poydras Street, Suite 2300
New Orleans, LA 70112

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NUMBER: _____  DIVISION: "_____"

JENNA FUGARINO

VERSUS

MILLING, BENSON, WOODWARD, LLP
*********************************************************

### VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public personally came and appeared:

**Jenna Fugarino**

A resident of the full age of majority of St. Tammany Parish, Louisiana, who upon being duly sworn, did depose and state that she is the Petitioner in the above and foregoing Petition, that she has read same and all facts and allegations contained therein are true and correct.

_____
Jenna Fugarino

SWORN TO AND SUBSCRIBED before me, Notary Public, this _____ day of _____ 2021.

_____
Notary Public

TIFFANY S. HANNA
Notary Public
State of Louisiana
Notary ID # 141969
My Commission is for Life

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To: Jenna K. Fugarino
118 Cherry Creek Drive
Mandeville, LA 70448

From: New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2020-01707 | Charlotte D. Davis, Senior Investigator | (504) 635-2543 |

NOTICE TO THE PERSON AGGRIEVED:

*(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Charlotte D. Davis
Digitally signed by Charlotte D. Davis
Date: 2021.03.03 09:20:59 -06'00'

for Travis Nicholson,
Acting Field Director

03/03/2021
(Date Issued)

Enclosures(s)

cc: Susan F. Desmond
Attorney at Law
JACKSON LEWIS P.C.
650 Poydras St., Ste 1900
New Orleans, LA 70130

Jill L. Craft
Attorney at Law
JILL L. CRAFT
330 Government Street
Baton Rouge, LA 70802