UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JENNA FUGARINO, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 21-594 |
| MILLING, BENSON, WOODWARD LLP, | SECTION: "E" (1) |
| Defendant | |

# ORDER

Before the Court is Defendant's Motion to Dismiss.[1]

On March 15, 2021, Plaintiff initiated this suit against her employer, Defendant Milling, Benson, Woodward LLP ("Milling"), bringing claims of sex and pregnancy-based discrimination, harassment, and retaliation under Title VII and La. Rev. Stat. § 23:301, *et seq.* in the Civil District Court for the Parish of Orleans, Louisiana.[2] On March 24, 2021, Defendant removed the matter to this Court.[3] Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[4] In her opposition, Plaintiff requests the "opportunity to amend" her complaint.[5] In its reply, Defendant objects to Plaintiff's request because it argues amendment would be futile under Rule 15.[6]

Defendant's Motion to Dismiss raises three issues: (1) whether she alleges sufficient "direct evidence" or identifies a comparator to properly state a sex or pregnancy-based discrimination claim under Title VII and the Louisiana's Employment

---

[1] R. Doc. 8. Plaintiff opposes the motion. R. Doc. 9. Defendant filed a reply. R. Doc. 14.
[2] R. Doc. 1-1 at ¶¶ 19, 22.
[3] R. Doc. 1.
[4] R. Doc. 8.
[5] R. Doc. 9 at 3, 12.
[6] R. Doc. 14 at 1; *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

1

Discrimination Law;[7] (2) whether she alleged sufficient facts to state a retaliation claim;[8] and (3) whether she identified a pregnancy-related disability related to support a claim under La. Rev. Stat. § 23:342.[9]

Federal Rule of Civil Procedure 15(a) provides the Court should grant leave to amend freely when justice so requires.[10] Rule 15(a) "evinces a bias in favor of granting leave to amend."[11] Although leave to amend is not "automatic," the Court must possess a "substantial reason" to deny leave to amend.[12] The "substantial reason" standard is a high bar that is only met when, for instance, a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend, the plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed," "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment," or the amendment would be completely futile.[13]

The Court finds it lacks a substantial reason to deny Plaintiff leave to amend. Plaintiff has not previously been granted leave to amend her complaint and, accordingly, she has not previously been given an opportunity to address the deficiencies raised in the Defendant's motion. This case is in the early stages of litigation, and Defendant will have ample time to file a new motion to dismiss an amended complaint, if Plaintiff chooses to file one. Accordingly, Defendant will suffer little to no prejudice as a result of the amendment. Finally, the Court cannot conclude the amendment would be futile, as it is

---

[7] R. Doc. 8-1 at 3-7.
[8] *Id.* at 5-6
[9] R. Doc. 8 at 1. Defendant further argues Louisiana law does not require employers to provide a 4-month maternity leave, but Plaintiff's complaint does not appear to raise any such claim. In fact, Plaintiff alleges she was afforded four months leave. R. Doc. 8-1 at 6-7; R. Doc. 1-1 at ¶¶ 9-11.
[10] Fed. R. Civ. P. 15(a).
[11] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir.2005) (citation omitted).
[12] *Id.*
[13] *Id.*

possible Plaintiff's amended allegations would adequately state claims upon which relief may be granted.

The Court will allow Plaintiff to amend her complaint. She must file an amended complaint addressing, fully and completely, all arguments raised in the Defendant's motion to dismiss.[14]

**IT IS HEREBY ORDERED** that Plaintiff's request for leave to file an amended complaint is **GRANTED**. Plaintiff's amended complaint must be filed by **Friday, June 11, 2021 at 5:00 p.m**. If Plaintiff files an amended complaint, Defendant's Motion to Dismiss[15] will be denied without prejudice.

**IT IS FURTHER ORDERED** that, if Plaintiff files an amended complaint, she must attach a copy of her original charge filed with the Equal Employment Opportunity Commission.

**New Orleans, Louisiana, this 28th day of May, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] Plaintiff must incorporate all allegations and prayers for relief in her amended complaint and not merely adopt the state petition at R. Doc. 1-1 by reference.
[15] R. Doc. 8.