UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNA FUGARINO,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-594** |
| **MILLING, BENSON,<br>WOODWARD, LLP,**<br>Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is the second motion to dismiss filed by Defendant Milling Benson Woodward LLP ("Defendant" or "Defendant law firm") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.[1] Plaintiff Jenna Fugarino ("Plaintiff") opposes the motion.[2] Defendant filed a reply.[3]

## BACKGROUND

On March 15, 2021, Plaintiff initiated this suit in the Civil District Court for the Parish of Orleans, Louisiana, against Defendant, her former employer, bringing claims of sex and pregnancy-based discrimination, harassment, retaliation,, and reprisal under Title VII and Louisiana Revised statutes §§ 23:301, *et seq*.[4] On March 24, 2021, Defendant removed the matter to this Court.[5]

On April 23, 2021, Defendant filed its first Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[6] In her opposition to Defendant's first motion to dismiss, Plaintiff requested the "opportunity to amend" her

---

[1] R. Doc. 24.
[2] R. Doc. 25.
[3] R. Doc. 28.
[4] R. Doc. 1-1 at ¶¶ 19, 22.
[5] R. Doc. 1.
[6] R. Doc. 8.

1

complaint.[7] The Court granted Plaintiff leave to file an amended complaint.[8] On June 11, 2021, Plaintiff filed her first amended complaint.[9] As a result, the Court denied Defendant's first motion to dismiss without prejudice.[10]

In her amended complaint, Plaintiff alleges four causes of action, as follows: (1) sex-based and pregnancy-based harassment creating a hostile work environment, under Title VII and Louisiana Revised statutes §§ 23:301 *et seq*; (2) sex-based and pregnancy-based discrimination culminating in reduced work-load and termination, under Title VII and Louisiana Revised statutes §§ 23:301 *et seq*; (3) retaliation under Title VII; and (4) reprisal under Louisiana Revised statutes § 23: 967.[11]

On July 9, 2021, Defendant filed a second motion to dismiss, seeking dismissal of Plaintiff's sex-based and pregnancy-based discrimination claim for failure to state a claim upon which relief may be granted.[12] In its motion, Defendant argues this cause of action should be dismissed for failure to state a claim because "Plaintiff still fails to identify a proper comparator to sustain her *prima facie* burden."[13] Defendant also argues "Plaintiff's claim for failure to accommodate her pregnancy should be dismissed with prejudice as she abandoned her failure to accommodate claim."[14]

As is correctly noted in Plaintiff's opposition, Defendant's second motion to dismiss does not challenge the sufficiency of Plaintiff's allegations with respect to her "claims for sex/pregnancy-based harassment, retaliation, or reprisal."[15] Rather,

---

[7] R. Doc. 9 at 3, 12.
[8] R. Doc. 15.
[9] R. Doc. 18.
[10] R. Doc. 19.
[11] R. Doc. 18 at ¶ 22; *see also* R. Doc. 25 at p. 1.
[12] R. Doc. 24.
[13] R. Doc. 24-1 at p. 1. (emphasis in original).
[14] *Id*.
[15] R. Doc. 25 at p. 2.

2

Defendant's motion challenges only Plaintiff's sex/pregnancy-based discrimination claim, and her failure to accommodate claim.[16] In her amended complaint, Plaintiff explicitly states she "is not making a claim herein of denial of pregnancy accommodation."[17] As a result, Defendant's motion to dismiss Plaintiff's failure to accommodate claim is denied as moot. The Court addresses only whether Plaintiff's claim for "sex/pregnancy-based discrimination" should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[21] "[T]hreadbare recitals of

---

[16] *See* R. Doc. 24 at p. 1.
[17] R. Doc. 18 at ¶ 5.
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Id*.
[21] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

3

elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[22]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

Moreover, a plaintiff in an employment discrimination lawsuit "need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."[26] At the pleading stage, it is not appropriate for the district court to require a plaintiff "to make a showing of each prong of the prima facie test for disparate treatment."[27]

## **LAW AND ANALYSIS**

Title VII of the 1964 Civil Rights Act provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."[28] In 1978, Congress enacted the Pregnancy Discrimination Act ("PDA"), thereby amending Title VII to include, as part of the definition of sex-based discrimination, any discrimination "because of or on the basis of pregnancy, childbirth, or related medical

---

[22] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[23] *Twombly*, 550 U.S. at 555.
[24] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[26] *Raj v. Louisiana State University et al.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510–12 (2002)).
[27] *Raj*, 714 F.3d at 331.
[28] 42 U.S.C. § 2000e-2(a)(1).

4

conditions."[29] Louisiana Revised statutes § 23:342(1) is Louisiana's equivalent to the PDA, and § 23:342(1) prohibits an employer, on account of pregnancy, childbirth, or related medical condition, from terminating or otherwise discriminating against an employee in the terms, conditions or privileges of her employment.[30]

In its motion to dismiss, Defendant first argues Plaintiff fails to allege direct evidence of discrimination, and that any statements identified by Plaintiff in her amended complaint are mere "stray remarks," and not direct evidence of discrimination.[31] As a result, Defendant argues, Plaintiff must prove her discrimination claim through indirect evidence by identifying a comparator who was more favorably treated than she.[32] Defendant argues Plaintiff failed to identify a proper comparator for purposes of "sustaining her prima facie burden for the purposes of Rule 12(b)(6)," and that such a failure is "fatal to her case."[33]

Plaintiff argues she has presented direct evidence supporting her contention that she was terminated because of her pregnancy and ensuing childbirth.[34] Plaintiff points to the reasons given to her by Defendant for her termination, and to the statements made before and during her termination meeting, as direct evidence of discriminatory animus.[35] For these reasons, Plaintiff argues she need not identify a comparator to state a plausible claim for relief for sex-based and pregnancy-based discrimination.[36]

---

[29] 42 U.S.C. § 2000e(k).
[30] *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (noting that "Louisiana courts and federal courts applying Louisiana law have routinely looked to federal jurisprudence to interpret Louisiana employment discrimination statutes.") As a result, this Court will conduct one analysis, cast in terms of Title VII but applicable to Plaintiff's discrimination claims under both Title VII and Louisiana law.
[31] R. Doc. 24 at pp. 5–6.
[32] *Id.* at p. 6.
[33] *Id.* at p. 11.
[34] R. Doc. 25 at p. 11.
[35] R. Doc. 18 at ¶ 14.
[36] R. Doc. 25 at pp. 10–11.

Direct evidence of discrimination is that which, if believed, proves a defendant's discriminatory animus without inference or presumption.[37] In the Title VII context, "direct evidence includes any statement or document which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action."[38]

Plaintiff alleges she returned to work from pregnancy leave on February 3, 2020.[39] On February 7, 2020, Plaintiff requested a flexible work schedule on account of the recent birth of her child.[40] On February 10, 2020, a partner, Randall Loewen, admonished Plaintiff, as he had before she gave birth, about the importance of a mother staying home with her baby.[41] Plaintiff told Loewen she wanted to work and be a mother, and that her request for a flexible schedule was pending before Defendant.[42] Loewen then "threatened [Plaintiff] that instead, she should find another job not as demanding as practicing law."[43] Plaintiff further alleges Defendant, through its law partners, suddenly and significantly began removing work from her, leaving her with nothing to do and not enough work to meet her billable hour requirement.[44] On February 17, 2020, Plaintiff had a meeting with Norman Pizza, managing partner, and Chadwick Collings, a partner, and during the meeting, Plaintiff was informed she was "fired" at the end of the month.[45] At this meeting, Pizza, told Plaintiff that Defendant law firm "was not conducive to a mother-baby

---

[37] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002).
[38] *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).
[39] R. Doc. 18 at ¶ 11.
[40] *Id.* at ¶ 12.
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.* at ¶ 13.
[45] *Id.* at ¶ 14.

6

relationship."[46] Plaintiff further alleges "[w]hile Pizza informed her that her termination was not performance based, Collings falsely stated that Petitioner did not take her job seriously and work long enough hours because of Petitioner having a baby and that Petitioner should find a career that is not as demanding as the practice of law if she wanted to be a mother."[47] Plaintiff further alleges prior to her termination, she was never counseled, reprimanded, written up or admonished for a poor performance at work.[48]

Pizza's and Colling's statements that the firm is not conducive to a mother-child relationship, that Plaintiff was not taking her job serious because of her new baby, and the admonishments by Loewen that Plaintiff, as a mother, should stay home with her children or find a career less demanding than the practice of law, are direct evidence of discrimination. On their face, such statements show that sex-based and pregnancy-based animus served as a basis for Plaintiff's termination. Moreover, each of these statements was made either contemporaneously with, or very close in proximity to, Plaintiff's termination. The content, nature, and timing of the statements lead the Court to conclude Plaintiff has alleged sufficient facts to establish she was terminated because of her sex and pregnancy.

When "a plaintiff presents credible direct evidence that discriminatory animus in part motivated or was a substantial factor in the contested employment action,"[49] she may prevail on her discrimination claim without proving all the elements of the prima facie case as set forth in *McDonnell Douglas*.[50] The Supreme Court has made clear that the

---

[46] *Id.*
[47] *Id.*
[48] *Id.* at ¶ 15.
[49] *Pate v. Pontchartrain Partners, LLC*, 2014 WL 5810521 (E.D. La. Nov. 7, 2014). (citing *Lazarou v. Mississippi State University,* 549 F. App'x 275, 279 (5th Cir. Dec. 17, 2013)).
[50] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). To establish a prima facie case for sex discrimination under the McDonnell-Douglas framework, Plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and

prima facie case requirement "relates to the employee's burden of presenting evidence that raises an *inference of discrimination*,"[51] and, when the plaintiff presents direct evidence showing that discriminatory animus was a motivating factor behind the adverse employment action, she need not rely on a mere inference of discrimination.

The statutory language of 42 USC § 2000e—2 is clear that it is an unlawful employment practice for an employer to "discharge an individual . . . because of such individual's . . . sex."[52] The statute goes on to provide that "an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for an employment practice."[53] Thus, in an employment discrimination lawsuit under Title VII, the ultimate question is always "whether a defendant took the adverse employment action against a plaintiff because of her protected status."[54] Plaintiff, having presented direct evidence of discrimination, need only show that she was a member of a protected class; that she was otherwise qualified for the position; and that she suffered an adverse employment action, at least in part, because of her sex.[55]

First, Plaintiff is a member of a protected class. Plaintiff is female, and, during the times relevant to her claims, Plaintiff was either pregnant or newly returned to work after maternity leave. Second, Plaintiff is an attorney. She worked as an associate attorney at Defendant law firm for approximately one year before she was terminated. The obvious

---

(4) she was replaced by someone outside her protected class, or similarly situated employees outside the protected class were treated more favorably under nearly identical circumstances. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).
[51] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing *Burdine*, 450 U.S. at 252–53).
[52] 42 U.S.C. § 2000e—2(a)(1).
[53] 52 U.S.C. § 2000e—2(m).
[54] *Raj v. Louisiana State University et al.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med., Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)).
[55] *See, e.g., Rubio v. Hyatt Corp., 2017 U.S. Dist. LEXIS 185110* at *4 (E.D. La. Nov. 8, 2017) (denying defendant's motion to dismiss plaintiff's employment discrimination claim where plaintiff showed she was a member of a protected class, was qualified for the position at issue, suffered an adverse employment action, and stated enough facts to show that defendant terminated her because of her pregnancy.)

inference is that she was qualified for the job. Third, Plaintiff alleges she was terminated, which is an indisputably adverse employment action. Therefore, the Court comes now to the crux of the matter: "whether Plaintiff stated enough facts to show that Defendant terminated her *because of* her pregnancy."[56] Taking all factual allegations in Plaintiff's complaint as true and drawing all reasonable factual inferences in Plaintiff's favor,[57] the Court concludes Plaintiff has met her burden.

Accordingly, Plaintiff has pleaded sufficient facts to establish a plausible claim for relief for sex-based and pregnancy-based discrimination in violation of Title VII and Louisiana law.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss[58] is **DENIED.**

**New Orleans, Louisiana, this 13th day of August, 2021.**

                                        */s/ Susie Morgan*
                                        **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[56] *Rubio v. Hyatt Corp.*, 2017 U.S. Dist. LEXIS 185110 at *4 (E.D. La. Nov. 8, 2017); *see Raj v. Louisiana State University et al.*, 714 F.3d 322, 331 (5th Cir. 2013).

[57] In its motion to dismiss, Defendant argue the Court "is not required to accept Plaintiff's contradictory allegations in her amended complaint as true." R. Doc. 24-1 at p. 12. The Court has read Plaintiff's amended complaint in conjunction with her original complaint and her EEOC charge. The Court concludes Defendant's contention is without merit because there are no material contradictions. The Court does not read the allegations in the amended complaint as "contradictory" to anything alleged in the EEOC charge or in the original complaint. Defendant premises its assertion of a "contradiction" on the contention that Plaintiff previously made a failure to accommodate claim. *Id.* In truth, she has never made such a claim. (*See* R. Doc. 18-2 at p. 22–26; R. Doc. 1-1 at p. 2-7; R. Doc. 18 at ¶ 5). On the contrary, while Plaintiff concedes Defendant gave her maternity leave, she ultimately argues her requests for an accommodated schedule prompted further harassment and discrimination by Defendants. (R. Doc. 18 at ¶¶ 13, 18). The Court will, therefore, take the allegations in the amended complaint as true for purposes of resolving Defendant's motion to dismiss.

[58] R. Doc. 24.