UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JENNA FUGARINO,**
    Plaintiff

**VERSUS**

**MILLING, BENSON, WOODWARD LLP,**
    Defendant

**CIVIL ACTION**

**NO. 21-594**

**SECTION: "E" (1)**

# ORDER

According to the Scheduling Order[1] in this matter, the parties' exhibit lists and witness lists were to be filed in the record on or before March 22, 2022. Plaintiff Jenna Fugarino ("Plaintiff") timely filed her witness list[2] and exhibit list.[3] Additionally, Defendant Milling, Benson, Woodward, LLP ("Defendant") timely filed its witness and exhibit list.[4]

Witness lists may not contain general descriptions of types of witnesses who may be called. Witnesses must be listed with specificity, including the witness's name, address, and a statement of the general subject matter of each witness's testimony. Describing a witness, other than a records custodian, merely as the "representative" of a company is not sufficient.

Both Plaintiff and Defendant failed to include a sufficient statement of the general subject matter of each witnesses' testimony in their respective witness lists.

---

[1] R. Doc. 32.
[2] R. Doc. 40.
[3] R. Doc. 40-1.
[4] R. Doc. 41.

1

Pursuant to the Court's Scheduling Order, "[b]road, general categories of exhibits are not sufficient."[5] All exhibits must be described with particularity. Discovery responses, pleadings, and deposition transcripts will not be admitted as exhibits except to the extent properly used for impeachment. Exhibits attached to depositions must be listed separately as exhibits. All exhibits must be BATES numbered.

Plaintiff failed to BATES number all the exhibits in her exhibit lists. In addition, Plaintiff failed to individually describe with particularity the following exhibits:

- Audio Recordings, *in globo*;[6]

- Any and all minutes and/or notes from defendant's Management Committee meeting(s);[7]

- Any and all emails and correspondence to, from, and/or regarding, in any manner, Jenna Fugarino;[8]

- Billings Analysis;[9]

- Any and all documents produced by defendant and/or in defendant's possession;[10] and

- Any and all documents produced in discovery and/or attached to the deposition.[11]

Defendant failed to BATES number the following exhibits:

- Medical records of the Women's Health Center;[12]

- Therapy records of Mona Pellichino;[13] and

- Plaintiff's pharmacy records.[14]

---

[5] R. Doc. 32 at p. 9.
[6] R. Doc. 40-1 at ¶ 7.
[7] *Id.* at ¶ 12.
[8] *Id.* at ¶ 13.
[9] *Id.* at ¶ 21.
[10] *Id.* at ¶ 36.
[11] *Id.* at ¶ 37.
[12] R. Doc. 41 at ¶ 18.
[13] *Id.* at ¶ 19
[14] *Id.* at ¶ 20.

In addition, Defendant failed to individually describe with particularity the following exhibits:

- All documents produced in discovery;[15] and
- Any and all deposition exhibits.[16]

Finally, Defendant includes in its exhibit "Plaintiff's responses to Defendant's discovery requests";[17] however, as mentioned above, discovery responses will not be admitted as exhibits.

**IT IS ORDERED** that the parties file amended witness lists and exhibit lists incorporating the requirements described above on or before **Monday, April 11, 2022.**

**New Orleans, Louisiana, this 4th day of April, 2022.**

                                          *Susie Morgan*
                                  **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 41 at ¶ 25.
[16] *Id.* at ¶ 26.
[17] *Id.* at ¶ 24.