UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNA FUGARINO** | **CIVIL ACTION NO. 2:21-CV-00594** |
| **VERSUS** | **JUDGE: SUSIE MORGAN** |
| **MILLING, BENSON, WOODWARD, LLP** | **MAGISTRATE-JUDGE: JANIS VAN MEERVELD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO MOTION TO MODIFY THE COURT'S APRIL 27, 2022 AMENDED SCHEDULING ORDER**

MAY IT PLEASE THE COURT:

**FACTS:**

This matter has been diligently litigated and is ready for trial. Prior defense counsel deposed Ms. Fugarino for an entire day, including questioning her regarding the contents medical and psychological records[1], her relationship with her husband, post-partum depression issues, her pregnancy, the birth of her child, and, of course, the claims she asserts in this litigation. Defense counsel also deposed Ms. Fugarino's husband, Justin Glenn, for several hours. Ms. Fugarino deposed: Shannon Howard-Eldridge, Chadwick Collings, Andrew Capitelli, Charles Loewen, Michaela Boudreaux, and Norman Pizza.

In addition, the parties timely exchanged Initial Disclosures in September, 2021, and extensive written discovery in October, 2021. Responses on both sides were seasonably supplemented.

---

[1] Plaintiff produced full Authorizations, subject to the agreed upon Protective order, and the entirety of her Certified medical/psychological records were produced to the defendant on December 16, 2021. This included her full records from treating providers, Mona Pellichino, her counselor, Dr. Katherine Williams, her ObGyn, and Kelly Brewster, WHNP treating provider from Women's Health with Dr. Williams. On March 14, 2022, letter attached, fully complying with this Court's Order (Rec.Doc. 32) and Fed.R.Civ.P. Rule 26(a)(2)(C), Ms. Fugarino also produced the CVs of Ms. Peillichino, Dr. Williams, and Ms. Brewster.

On September 9, 2021, the Court issued its Scheduling Order setting this matter for trial on June 20, 2022 (Rec. Doc. 32). In its Order, the Court instructed, "[T]he Court will <u>not</u> grant motions (whether opposed or unopposed) to continue these deadlines except in rare and extraordinary circumstances, and at the Court's sole discretion."

On April 4, 2022 (Rec.Doc. 42), the Court issued its Order requiring both parties to file Amended Witness and Exhibit Lists. Plaintiff did so on April 11, 2022 (Rec.Doc. 46, 47). Defendant did so on May 4, 2022 (Rec.Doc. 51).

On April 5, 2022 (Rec. Doc. 43), defendant filed an unopposed Motion to Extend Dispositive Motion Deadline, moving it to April 26, 2022. Defendant asserted the necessity and good cause for extension. In addition to plaintiff's counsel's consent, counsel had COVID in early January, 2022, causing depositions to be moved and, due to issues with scheduling on both sides (and as most of the defense witnesses were also attorneys with their own calendar issues), those depositions occurred on March 7-11, 2022, and Mr. Glenn, Ms. Fugarino's husband (himself a lawyer) was deposed April 13, 2022. Hence, plaintiff's counsel consented to the extension of the dispositive motion deadline, but also made clear she did not consent to continuance of the trial.

Defendant did not request an extension of the discovery deadline or any other deadline at that time – only the dispositive motion deadline.

On April 26, 2022, the Court granted defendant's request to extend the dispositive motion deadline and continued the Trial to August 15, 2022, with accompanying new and (yet unexpired) pretrial deadlines (Rec.Doc. 49).

On April 28, 2022, the parties participated in a Settlement Conference (Rec.Doc. 50).

Thereafter, on Friday, May 6, 2022 – well past the discovery deadline – defendant, through counsel sent a letter requesting, for the first time, a Rule 35 examination of Ms. Fugarino. On

Tuesday, May 10, 2022, plaintiff's counsel responded objecting to the untimely request and clearly stated objection to any extension or reopening of discovery.

On May 12, 2022, out of the blue, then defense counsel sent plaintiff's counsel a copy of the Motion to Withdraw and requested whether/not there is objection. Plaintiff's counsel responded on May 12, 2022, advising she had no objection, but subject to the following:

> **Subject:** Re: Fugarino v. Milling Benson
>
> Susan,
>
> You can include the following from me: plaintiff's counsel responded that her client does not object as long as there will be no extension or continuance of any deadlines or trial associated with defense counsel's withdrawal.
>
> Thank you,
>
> Jill
>
> Sent from my iPhone

Hence, that precise language was included in the Motion to Withdraw (Rec.Doc. 52).

Then defense counsel's Motion to Withdraw was granted May 13, 2022 (Rec.Doc. 53). The Court held a Status Conference with plaintiff's counsel and Mr. Collings on behalf of the defendant on May 19, 2022 (Rec.Doc. 55). At that time, Mr. Collings advised he and others with defendant were meeting with replacement counsel that day.

However, not until May 26, 2022 (Rec.Doc. 56) was a Motion to Enroll filed.

Thereafter, on May 31, 2022 (Rec.Doc. 58), defendant filed the present Motion to Modify Court's April 27, 2022, Amended Scheduling Order. Plaintiff advised new defense counsel she strongly objects on behalf of her client.

Plaintiff submits affording defendant extension of the existing deadlines, including moving trial for the second time, is prejudicial. Specifically, plaintiff is prepared for trial, has diligently

litigated this case through discovery and following two (2) Motions to Dismiss, and has communicated with her witnesses regarding their availability for same.

**LAW AND ARGUMENT:**

Fed.R.Civ.P. Rule 16(b)(4) provides, "[A] schedule may be modified only for good cause and with the judge's consent." Plaintiff submits there is no "good cause" – let alone demonstration of "rare and extraordinary circumstances." Change in counsel is not good cause. The defendant terminated its counsel after most deadlines had expired and after trial was reset. Defendant, a law firm, handles cases in this Court and if defendant were somehow displeased with its prior counsel, it is respectfully submitted that decision should/could have been communicated much earlier.

In *Puig v. Citibank, N.A.,* 514 Fed.Appx. 483, 487-488 (5th Cir. 2013), the Court confirmed the rule in the Fifth Circuit, "we have interpreted Rule 16(b)(4)'s 'good cause' standard to require the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'. . . Thus, to determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to [the moving party's] diligence in conducting discovery within the scheduling order's timeline." In this case, discovery was completed by April 2, 2022, save and except the deposition of Mr. Glenn, Ms. Fugarino's husband, which the parties agreed to take out of time. The identity of plaintiff's witnesses, including her treating providers, have been known to the defendant since at least November 19, 2021, in Answer to Defendant's Interrogatory No. 1, No. 7, No.8, and No. 9 where she clearly indicated she intended to call all three (3) providers at trial to testify as her treating providers and, in that regard, provide expert testimony as her treating providers. Plaintiff executed full releases, subject to the agreed Protective Order, to the defendant and complete and certified medical records of the three (3) providers were obtained and exchanged in December, 2021, and January, 2022 – well in advance

of the discovery deadline. Unlike in *Puig*, present defendant does not argue it could not engage in meaningful discovery (which the *Puig* Court rejected). Instead, defendant now argues that it wishes to upend the entire schedule, reopen discovery, and move the Trial date based upon defendant's vague reference to a Rule 35 examination – which was not even requested until a month after the discovery deadline passed. It is respectfully submitted that whether or not defendant may now wish to conduct additional discovery, to-wit, a Rule 35 examination, does not explain why its diligence was somehow lacking or demonstrate "good cause."

This is the second motion by the defendant to extend deadlines – the first seeking only to extend the dispositive motion deadline with no mention of the discovery deadline and, now seeking reopen deadlines, extend all deadlines, and move the Trial date.

In *Melancon v. Cargill Inc.*, 2017 U.S. Dist. LEXIS 71215 (E.D. La. 5/10/17), the Court reiterated the holding in *Puig*, specifically requiring the moving party to show the deadlines cannot be reasonably met despite the diligence of the party. Here, no such showing has been made. The present parties exchanged Initial Disclosures, written discovery, Rule 26 exchanges, took numerous depositions, and participated fully in this process. The discovery deadline was met and, by all accounts, satisfied. The only relief, as stated, defendant requested, and to which plaintiff agreed, was extension of the dispositive motion deadline – with defendant clearly signaling it would be filing a Motion for Summary Judgment. By definition, a Rule 56 Motion for Summary Judgment occurs when adequate opportunity for discovery by the parties has transpired. As in *Melancon*, the withdrawal of counsel which was the product of counsel being terminated by the defendant, was not "sudden". Here, present defendant has been represented by former counsel since December 18, 2020, when Jackson Lewis, through Ms. Desmond, filed defendant's response to Ms. Fugarino's EEOC Charge and, in this lawsuit, since its filing March 15, 2021, and ensuing

removal. Defendant had been represented by former counsel nearly seventeen (17) months if counted from the date former counsel filed defendant's response to the EEOC on December 18, 2020 (and, indeed, likely well prior to December 18, 2020).

Plaintiff submits the apparent reason for the present request is for defendant to now seek a Rule 35 examination well past the discovery deadline of April 2, 2022. This, in itself, is extremely prejudicial as plaintiff and her treating providers are prepared for trial and the evidence to be adduced. Additionally, Rule 35 mental examinations are uniquely intrusive and, as previously indicated by plaintiff's counsel, was objectionable for several reasons on its face, including that the request failed to comply with Rule 35.

In her deposition, Ms. Fugarino was questioned extensively (Mr. Collings was the defendant's representative at Ms. Fugarino's deposition and was present) about her mental health, the records from her treating counselor, including references to marital problems, postpartum depression issues, breast feeding, extended family issues, and significant personal matters. This questioning was directly derived from and specifically referenced as being derived from the records of Ms. Fugarino's treating providers. Ms. Fugarino's deposition lasted an entire day. Her deposition was taken March 7, 2022. Yet, defendant took no steps to seek any Rule 35 examination until well past the discovery deadline.

Contrary to defendant's assertion in brief, both parties submitted and filed Amended Witness and Exhibit Lists as required by the Court. This does not represent any cause to extend deadlines and move the Trial date.

Similarly, defendant's assertion there was some sort of lack of compliance with Fed.R.Civ.P. Rule 26(a)(2)(C) on the part of plaintiff's counsel is not correct. Plaintiff executed full authorizations in favor of defendant for all her medical/psychological records. Plaintiff

identified she would rely on her treating providers and their records in her Initial Disclosures and, in her Answers to discovery, specifically identified her three (3) providers, that she intended to rely on them at trial, the parameters of their anticipated testimony, and that she intended for them to provide expert testimony as the plaintiff's treating providers. There was a full exchange of the treating providers' records and, in further compliance with this Court's directive, exchange of each treating provider's CVs.

Finally, defendant's assertion that it seeks to depose Ms. Fugarino's estranged brother as a reason to continue deadlines is likewise without merit. In her deposition on March 7, 2022, Ms. Fugarino was questioned about her relationship with her estranged brother (which estrangement dates back years prior to her employment with defendant). Ms. Fugarino was questioned about this relationship as there is a notation regarding the same in Ms. Pellichino's records – records which were provided to the defendant in December, 2021, and early January, 2022.

Parenthetically, it is noted defense counsel contends she has not received the file from prior counsel, but throughout her filing, cites to correspondence which clearly comprises client materials.

Lastly, plaintiff's counsel has not "ambushed" the defendant. Plaintiff identified her desire to rely on her treating providers (and their records) in her Initial Disclosures in September and her formal discovery responses to defendant in November. Plaintiff ensured the full records from her treating providers, the substance of their opinions, course of treatment, diagnosis, prognosis, summary of their opinions and anticipated testimony as contained in their records, and their CVs were timely and, frankly, in advance of the Court's deadline, provided to the defendant. Defendant used this information to fully depose Ms. Fugarino on March 7, 2022, and her husband, Mr. Glenn.

**CONCLUSION:**

This is now the second time defendant seeks extension of deadlines. Here, there is no demonstration of good cause or basis for reopening discovery, moving the Trial, and moving the pretrial deadlines. It is noted that defendant apparently terminated its prior counsel by May 12, 2022. More than two (2) weeks later, defendant hired replacement counsel. That delay and the initial decision to terminate counsel is not the fault of plaintiff and she should not be penalized by further delay and a second continuance of the Trial.

Respectfully submitted,

By: ___/s Jill L. Craft_____
Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613
*Attorneys for Plaintiff, Jenna Fugarino*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of June, 2022, a copy of the above and foregoing Memorandum in Opposition was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 3rd day of June, 2022.

___/s Jill L. Craft____
Jill L. Craft